Opinion issued March 30, 2023



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-19-01017-CR

## NO. 01-19-01018-CR

———————————

## MINERVA RODRIGUEZ TRISTAN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the County Criminal Court at Law No. 7**
**Harris County, Texas**
**Trial Court Case No. 2243064 & 2243065**

---

## MEMORANDUM OPINION

Appellant Minerva Rodriguez Tristan attempts to appeal from a judgment of

conviction entered on December 11, 2019. On March 12, 2021, the trial court

granted appellant's motion for new trial as to punishment only.[1] *See* TEX. R. APP. 21.9(c).

Generally, an appellate court only has jurisdiction to review a final judgment of conviction. *See Workman v. State*, 343 S.W.2d 446, 447 (Tex. Crim. App. 1961); *Means v. State*, 825 S.W.2d 260, 260 (Tex. App.—Houston [1st Dist.] 1992, no pet.). When a new punishment hearing has been granted, there is no final conviction to appeal. *See Norris v. State*, No. 02–10–014–CR, 2010 WL 1854138, at *1 (Tex. App.—Fort Worth May 6, 2010, no pet.) (mem. op., not designated for publication) (dismissing appeal for lack of jurisdiction because no final, appealable judgment existed after trial court granted motion for new punishment hearing).

Because the record lacks an appealable judgment of conviction, we have no jurisdiction over this appeal and can take no action other than to dismiss the appeal. *See Rogers v. State*, No. 01-16-00968-CR, 2017 WL 491287, at *1 (Tex. App.—Houston [1st Dist.] Feb. 7, 2017, no pet.) (mem. op., not designated for publication) (dismissing appeal for lack of jurisdiction after trial court granted motion for new trial on punishment).  On January 24, 2023, appellant filed a motion to dismiss the

---

[1]     On January 26, 2021, we issued an order of abatement to allow appellant the opportunity to file a motion for new trial.  On October 13, 2022, the district clerk filed a supplemental clerk's record containing the trial court's order granting the motion for new trial as to punishment only.

2

appeals for lack of jurisdiction and to issue the mandates immediately. The State did not file a response.

Accordingly, we reinstate the appeals, grant appellant's motion, and dismiss the appeals for want of jurisdiction. We dismiss any pending motions as moot.

We direct the Clerk to issue the mandates within 10 days of the date of this opinion. *See* TEX. R. APP. P. 18.1.

## PER CURIAM

Panel consists of Chief Justice Adams and Justices Kelly and Goodman.

Do not publish. TEX. R. APP. P. 47.2(b).